# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:04-cr-00005-001-TRM-MJD |
| v. ) | |
| ) | |
| RICHARD KENNETH EBERHART ) | |

## **MEMORANDUM AND ORDER**

RICHARD KENNETH EBERHART ("Defendant") came before the Court for an initial appearance on August 4, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 62].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Michael Henry of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing but requested a detention hearing. At counsel's request, the Court scheduled the detention hearing on August 8, 2025, at noon.

The Court conducted the detention hearing at the scheduled date and time. AUSA Swafford appeared for the Government. Michael Henry represented Defendant. At the hearing, the Government relied upon the allegations in the Petition [Doc. 62], as well as the testimony of United States Probation Officer Reshard Montgomery. Attorney Michael Henry cross-examined Officer Montgomery and proffered evidence on behalf of Defendant. Both attorneys were given an opportunity to argue their positions to the Court.

1

The Petition recites two conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition:** You must not commit another federal, state, or local crime.

- **Mandatory Condition:** You shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

The sworn Petition details facts giving rise to violations of these conditions of supervision. More specifically, Defendant was sentenced on August 9, 2004, to serve a 120-month term of imprisonment for possession of child pornography. Following his release from prison, Defendant was revoked repeatedly, and he is currently serving his fourth term of supervised release which began on April 29, 2021.

Of significance, Defendant was arrested on October 30, 2024, for Driving Under the Influence. As a result, Defendant's term was modified to require that he serve four weekends in the Hamilton County Jail. He completed that jail term on January 24, 2025.Then, on July 14, 2025, Defendant was arrested in Coffee County for Disorderly Conduct/Public Indecent, and Indecent Exposure. By way of background, Defendant parked his automobile in the parking lot of the Spring Street Market in Coffee County. A female customer walked through the parking lot on her way to the store. As she walked by Defendant's vehicle, she witnessed Defendant masturbating and he offered to give her $20 to watch him finish. She declined, walked into the store, and told the store manager. When Defendant was interviewed by police, he indicated that he was "having a bad day on July 10, 2025, so he pulled over at a store. He admitted to seeing a woman that looked 'receptive,' so he called her over to see if she wanted to 'fool around' for money. He denied exposing himself to her."

Defendant is a convicted and registered sex offender. He has a conviction for incest and has a victim pool of between 18 and 30 victims, including his own daughter and his sister. Defendant has a long history of sexually predatory behavior, and the Court credits the version of events related by the female victim in the instant matter.

The Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. The Court further finds that Defendant is flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

2

Case 4:04-cr-00005-TRM-MJD   Document 67   Filed 08/14/25   Page 2 of 3   PageID #: 199

It is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has violated conditions of his supervised release.

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

3. Counsel for Defendant and the Government shall confer and make best efforts to submit to the Honorable Chief United States District Judge Travis R. McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

4. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before Chief Judge McDonough.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE